UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PARKLAND, INC. d/b/a THE VILLAGE GREEN HOMES, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-cv-01092-JPH-CSW ) |
| CITY OF SEYMOUR an Indiana municipality, SEYMOUR MUNICIPAL SANITATION UTILITY, CLERK TREASURER DARRIN BOAS individually and in his official capacity as clerk-treasurer, TODD STOREY an individual, SEYMOUR BOARD OF WORKS AND PUBLIC SAFETY, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS**

Parkland, Inc. alleges that the City of Seymour and its municipal sanitation utility violated procedural due process requirements and various state laws when it recalculated Parkland's sewer bills, which resulted in Parkland owing hundreds of thousands of dollars in back payments and higher payments in the future. Parkland also alleges that its due process rights were violated when Seymour imposed liens on Parkland's real property after Parkland failed to pay the additional amounts imposed pursuant to the recalculation. Dkt. 1. Defendants move to dismiss for lack of subject-matter jurisdiction and for failure to state a due process claim in Count 1. Dkts. [24], [26]. For the reasons below, those motions are **DENIED**.

1

I.
**Facts and Background**

Because the defendants have moved for dismissal under Rule 12(b)(1) and 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011); *see Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014).

Parkland operates a residential mobile home park in Seymour, Indiana. Dkt. 1 at 3 ¶ 11. Parkland maintains the sanitary sewer lines and water facilities at the park and receives sewer service from the City of Seymour, Seymour Board of Works and Public Safety, and the Seymour Municipal Sanitation Utility ("City Defendants"). *Id.* at 4 ¶¶ 14–15. Parkland obtains water for the park from a private well, then it reads "the water meter at the water wellhead and adjust[s] those readings . . . for purposes of identifying the amount of sewage entering City Defendants' sanitary sewer system." *Id.* at 4 ¶¶ 17–18.

City Defendants' sewer rates "are generally based on the volume of sewage a customer sends to the system for transport and treatment." *Id.* at 3 ¶ 13. Historically, Parkland's monthly bill was based on the amount of sanitary sewage that Parkland believed had entered the sanity sewer system from its property. *Id.* at 5 ¶ 21.

In October 2023, Defendant Darrin Boas sent a letter to Parkland alleging that since October 2021, Parkland had underpaid on sanitary sewer

2

fees by $258,795.56.  *Id.* at 6 ¶ 29.  The letter explained that this underpayment was calculated based on disparities between the sewage volume that Parkland reported to City Defendants and the higher volume that Parkland reported to the Indiana Department of Environmental Management ("IDEM").  *See* dkt. 1-1 at 2.  The letter demanded payment of the deficit in full within one month.  *Id.* at 3.

The letter also outlined how Parkland's future sewer bills would be calculated.  *Id.* at 2.  Parkland's bill would no longer be calculated based on its self-reported water meter readings at the wellhead; instead, Parkland would be charged for 75% of the sewage volume it reported to IDEM, less a flat allowance of 200,000 gallons for backflow treatment.  *See id.*

In February 2024, Parkland received notice that its utility account was delinquent and that two liens for $404,367.24 had been recorded against its real property.  Dkt. 1 at 7 ¶ 36, 8 ¶ 38.

In June 2024, Parkland filed this suit, raising six claims.  Count I alleges that City Defendants and Defendant Boas violated Parkland's Fourteenth Amendment procedural due process rights by imposing the liens and by recalculating Parkland's sewer bill.  *Id.* at 9–10 ¶¶ 47–52.  Count II seeks a declaratory judgment against City Defendants and Defendant Boas stating that the recalculated sewer bills are "invalid and contrary to law."  *Id.* at 10–11 ¶¶ 53–57.  Counts III through VI allege state-law claims for slander of title, breach of contract, tortious interference with contractual relations, and conversion of trade secrets.  *Id.* at 11–16 ¶¶ 58–86.

Mr. Storey and City Defendants filed partial motions to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (b)(6).[1] Dkts. 24, 26.

## II.
## Motion to Dismiss Standard

Defendants may move under Federal Rule of Civil Procedure 12(b)(1) to dismiss claims for lack of subject-matter jurisdiction and under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief can be granted." When faced with a 12(b)(1) motion, the plaintiff "bears the burden of establishing that the jurisdictional requirements have been met." *Burwell*, 770 F.3d at 588–89. To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint "must allege enough details about the subject-matter of the case to present a story that holds together," *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021), "but it need not supply the specifics required at the summary judgment stage." *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

Under both 12(b)(1) and 12(b)(6), the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and

---

[1] Mr. Boas did not join either motion to dismiss.

conclusory allegations merely reciting the elements of the claim." *McCauley*, 671 F.3d at 616; *see Burwell*, 770 F.3d at 588–89.

### III.
### Analysis

Parkland alleges that its due process rights were violated when City Defendants changed how Parkland's sewage bill was calculated without notice or process, which resulted in Defendants imposing two liens on Parkland's real property. Dkt. 1 at 10–11 ¶¶ 49–51. Defendants argue that Parkland's allegations fail to state a procedural due process claim.[2]

"To state a claim for a procedural due process violation, a plaintiff must demonstrate (1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process." *Manistee Apartments, LLC v. City of Chicago*, 844 F.3d 630, 633 (7th Cir. 2016). "The fundamental requisite of due process of law is the opportunity to be heard." *Greene v. Lindsey*, 456 U.S. 444, 449 (1982).

---

[2] Mr. Storey moves for dismissal only under Rule 12(b)(1) for lack of subject-matter jurisdiction while City Defendants move for dismissal under both Rule 12(b)(1) and (b)(6). The Defendants' subject-matter jurisdiction argument boils down to this: because Parkland does not allege a viable procedural due process claim, there is no federal claim to support supplemental jurisdiction over Parkland's four state-law claims. Dkt. 25 at 2–3; dkt. 27 at 4–5. The standard for dismissal for lack of subject-matter jurisdiction is whether a claim is so "wholly insubstantial and frivolous" that it does not invoke federal jurisdiction. *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1256 (7th Cir. 1994). That standard is "similar to," but "considerably more rigorous," than the standard for dismissal for failure to state a claim under Rule 12(b)(6). *Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 587 (7th Cir. 2017) (quoting *Gammon*, 27 F.3d at 1256). Accordingly, the Court analyzes the Defendants' motions under Rule 12(b)(6) since claims surviving under that standard will necessarily also survive under Rule 12(b)(1).

City Defendants argue that they did not violate Parkland's due process rights when they recalculated Parkland's historic sewage bills and changed the method for calculating future bills. Dkt. 27 at 6. They argue that changing the basis for calculating Parkland's bill from the amount of water Parkland self-reports to a percentage of the water Parkland reports to IDEM does not constitute a change in the "rate" charged to Parkland under Indiana state law. *Id.* Instead, they argue that this recalculation merely imposes back payments for Parkland's past underreporting of water volume. Dkt. 27 at 6; *see also* dkt. 32 at 5 (explaining that the "recalculations merely adjusted the *volume* of water reported, not the rate at which the fees were calculated"). Parkland responds that "[b]y altering the methodology and calculus for determining Parkland's water usage, the City Defendants changed Parkland's rates on a going-forward basis." Dkt. 29 at 8. Parkland argues that this amounted to a "new rate," and City Defendants violated its due process rights by failing to provide "notice and an opportunity to be heard on the New Rate." *Id.* at 2.

The parties do not dispute at this stage that the recalculation of Parkland's sewage bill implicates a constitutionally protected property interest. And Parkland has plausibly alleged that City Defendants recalculated its sewage bill. *See* dkt. 1 at 8 ¶ 39 (alleging City Defendants "established a new rate for Plaintiff which adjusted and changed the methodology and manner of calculating Plaintiff's Sewer Rate and fees" as outlined in Mr. Boas' October 2023 letter). The parties' dispute centers on what process, if any, Parkland was due before its applicable sewer rate and fees were recalculated. City

6

Defendants argue that the recalculation of Parkland's sewer bills did not trigger the notice and public hearing requirements of Indiana Code § 36-9-23-26. Dkt. 27 at 6. Therefore, City Defendants argue, Parkland was not entitled to a hearing before the recalculation. *Id.*; *see* Ind. Code § 36-9-23-26.

While "the procedures required by state or local law do not define the constitutional requirements of notice and an opportunity to be heard," *Rock River Health Care, LLC v. Eagleson*, 14 F.4th 768, 773 (7th Cir. 2021), Parkland's complaint sweeps more broadly than just alleging process was due under Indiana state law. Parkland alleges that "[b]ecause the New Rate was not established and implemented in accordance with principles of due process *and* in accordance with the procedures outlined in Ind. Code § 36-9-23-26, the New Rate is invalid." Dkt. 1 at 8 ¶ 41 (emphasis added). Parkland's complaint also sets forth the facts that led to Seymour's recalculation of Parkland's sewer bills. *Id.* at 3–9.

Accordingly, Parkland has alleged sufficient facts to support a plausible claim that it was entitled to due process when City Defendants recalculated its sewage bill.[3] *See Rock River Health Care*, 14 F.4th at 776 (concluding "any action to alter" Medicaid reimbursement rates in which plaintiff nursing homes held a property interest "must be conducted with due process"). "Nothing more

---

[3] Mr. Storey and City Defendants also argue that the liens on Parkland's real property did not deprive Parkland of a constitutionally protected property interest. Dkt. 25 at 3; dkt. 27 at 7. Because Parkland has pleaded a plausible due process claim based on the recalculation of amounts owed for sewer service, the Court does not address whether Seymour's liens based on past-due utility fees constitute a deprivation of property that triggers due process.

is required to comply with Rule 8(a)(2), nor meet the plausibility standard articulated by *Twombly* and its progeny." *Bilek*, 8 F.4th at 588; *Graham*, 8 F.4th at 627 ("A claim must be plausible, but it need not supply the specifics required at the summary judgment stage."). Therefore, the motions to dismiss Parkland's procedural due process claim are **DENIED**.[4] The Court retains supplemental jurisdiction over Counts III through VI, the state-law claims. 28 U.S.C. § 1367; *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

## IV. Conclusion

Mr. Storey and City Defendants' motions to dismiss, dkts. [24] and [26], are **DENIED**.

**SO ORDERED.**

Date: 2/4/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

---

[4] Because Parkland's declaratory-judgment claim seeks a declaration that its rights were violated as alleged in its due process claim, the declaratory-judgment claim is plausible for the same reasons. And because the due process claim supports this Court's jurisdiction, the Court does not address Defendants' argument that Parkland's declaratory judgment claim alone cannot support jurisdiction. *See* dkt. 25 at 2; dkt. 27 at 8.